IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN FREDERICK COLOMBERO,**<br><br>Petitioner,<br><br>v.<br><br>**CONNIE GIPSON,**<br><br>Respondent. | Case No. 1:15-cv-00181 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 12]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Charity S. Whitney, of the Office of the Attorney General for the State of California.

**I.      BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his July 30, 2012 conviction of second degree robbery, with six prior prison term enhancements. Petitioner was sentenced to an indeterminate prison term of forty-one (41) years to life.

Petitioner appealed the conviction. On November 7, 2013, the California Court of Appeal, Fifth Appellate District affirmed the Judgment. (Mot. to Dismiss, Ex. A.) The

California Supreme Court summarily denied review on January 15, 2014. (Id., Ex B.)

On November 5, 2014, Petitioner sought collateral relief by filing a petition for writ of habeas corpus in the Fresno County Superior Court. (Id., Ex. C.) The petition was denied on December 8, 2014. (Id., Ex. D.)

On February 4, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court raising four claims for relief, listed as follows:

    1)    Actual innocence;

    2)    Destruction of exculpatory evidence;

    3)    Use of perjured testimony by the prosecution; and

    4)    Ineffective assistance of trial counsel.

(Pet. at 7-28.)

On March 27, 2015, Respondent filed a motion to dismiss based on Petitioner's failure to exhaust all the claims presented in the petition. (Mot. To Dismiss, ECF No. 12.) Petitioner filed an opposition to the motion to dismiss on April 17, 2015. (Opp'n., ECF No. 13.)

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Based on the

1  Rules Governing Section 2254 Cases and case law, the Court will review Respondent's
2  motion for dismissal pursuant to its authority under Rule 4.

### B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or*

> *the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

As stated above, Petitioner raises four claims for relief. Respondent contends that Petitioner failed to exhaust any of his remedies in state court. Respondent notes that on direct appeal Petitioner filed a Wende brief, containing no specific claims.[1] Accordingly, the petition for review filed with the California Supreme Court on Petitioner's direct appeal did not contain claims, only a request to review the Appellate Court's denial of the Wende brief. On collateral appeal, Petitioner only filed a petition with the Fresno County Superior Court. (Mot. to Dismiss, Ex. C.) As Petitioner never presented the claims in the present petition to the California Supreme Court, Respondent asserts that the claims are not exhausted.

The Court agrees. Upon independent review, the Court concludes that Petitioner has not presented the claims contained in this petition to the California Supreme Court. Petitioner, in his opposition, claims that he filed a petition for review with the California Supreme Court, and therefore his claims are exhausted. The fact that Petitioner filed a petition for review with the California Supreme Court is not sufficient. A Petitioner must present each claim to the highest state court to give it a full and fair opportunity to consider the claim. Petitioner's petition for review did not present the instant claims.

If this were a mixed petition containing both exhausted and unexhausted claims, the Court would dismiss without prejudice to give Petitioner an opportunity to exhaust the

---

[1] People v. Wende, 25 Cal. 3d 436 (1979). A Wende brief is filed when appellate counsel can find no legitimate issues for appeal. When an attorney files a Wende brief, the appellate court then independently reviews the record for valid claims. Hebbe v. Pliler, 627 F.3d 338, 340, n.1 (9th Cir. 2010).

4

1  unexhausted claims. See Rose, 455 U.S. at 521-22; Jefferson v. Budge, 419 F.3d 1013,
2  1016 (9th Cir. 2005). "[D]istrict courts must provide habeas litigants with the opportunity
3  to amend their mixed petitions by striking their unexhausted claims." Jefferson, 419 F.3d
4  at 1016. However, the instant petition is not a mixed petition. It contains only
5  unexhausted claims. Accordingly, Petitioner is not entitled to a stay or the opportunity to
6  amend. The Court recommends that the petition be dismissed without prejudice. See
7  Coleman, 501 U.S. at 731.

### III.     RECOMMENDATION

Accordingly, it is hereby recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice for failure to exhaust state remedies.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   April 28, 2015                       /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE